**Balbino Cerda VELASQUEZ, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 06–60859

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 29, 2007.

Willie James Wheaton, Law Offices of Willie J. Wheaton, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, Linda Susan Wendtland, Robert N. Markle, U.S. Department of Justice Office of Immigration Litigation, Edward C. Durant, U.S. Department of Justice Civil Division Immigration Litigation, Washington, DC, Sharon A. Hudson, U.S. Citizenship & Immigration Services, Houston, TX, for Respondent.

Before JOLLY, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM: *

Balbino Cerda Velasquez petitions this court for review of the Board of Immigra-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tion Appeals' (BIA's) decision denying his motion to terminate removal proceedings. For the first time in his petition for review, Velasquez argues that the Department of Homeland Security (DHS) violated his due process rights by failing to advise him prior to his applying for advance parole that the immigration judge would lack jurisdiction to adjudicate during his removal proceedings any application for adjustment of status he might file because he did not have such an application already pending when he was paroled. Velasquez additionally urges, as he did below, that he is eligible for adjustment of status based on unwritten, internal DHS policy.

The BIA's decision not to terminate its proceedings is reviewed under an abuse of discretion standard. *See Gottesman v. INS*, 33 F.3d 383, 388 (4th Cir. 1994). Velasquez's unexhausted due process argument was raised for the first time in his petition for review and we therefore lack jurisdiction to review it. 8 U.S.C. § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir.2001). Internal DHS memoranda are not binding on the BIA, *In re Tijam*, 22 I & N Dec. 408, 416 (BIA 1998), and, therefore, Velasquez has not shown an abuse of discretion on the part of the BIA.

PETITION DENIED.